IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Sue Carder, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Fifth Third Bank; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Sue Carder, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (The "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Sue Carder (hereafter "Plaintiff"), is an adult individual whose residence is in Westerville, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, Fifth Third Bank ("Fifth Third"), is an Ohio business entity with an address of 40 Technology Parkway, South Suite 300, Norcross, GA 30092, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Fifth Third and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Fifth Third at all times acted by and through one or more of the Agents.

## FACTS

7. In or around August 2014, Fifth Third began calling Plaintiff's cellular telephone, number 614-xxx-6321, using an automatic telephone dialing system ("ATDS").

8. When Plaintiff answered calls from Fifth Third, she heard silence before she was connected to the next available representative.

9. In August 2014, Plaintiff spoke with a live representative and requested that the calls to her cellular telephone number cease.

10. Nevertheless, Fifth Third continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

11.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein, Fifth Third called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14.     Fifth Third's telephone system(s) have some earmarks of a predictive dialer.

15. When Plaintiff answered calls from Fifth Third, she heard silence before Fifth Third's telephone system would connect her to the next available representative.

16. Fifth Third's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Fifth Third continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Fifth Third was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. The calls from Fifth Third to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 20, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Sue Carder
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424

5

Email: slemberg@lemberglaw.com